KATIE WOYNAROWSKI, PLAINTIFF, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT.

Decided October 19, 1925.

Insurance—Life—Tuberculosis at Time of Receiving Policy—Untruthful Representations Regarding Employment—If Representations False, in Fact, Were Willfully Made by Insured, Policy is Voided—If Questions Were Not Understood, False Answers Were Not Willfully Made—Verdict Not Contrary to Evidence, to Charge, Nor the Result of Passion, Prejudice or Partiality—No Error in Charge.

On rule for new trial.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff, *Elmer E. Brown.*

For the defendant, *McCarter & English.*

PER CURIAM.

This is an action on a policy of insurance on the life of Nicholas Woynarowski. The application for the policy was made April 5th, 1922. Policy issued April 14th, 1922, and the insured died December 8th, 1922, of tuberculosis.

Plaintiff has a verdict, and defendant has a rule to show cause why a new trial should not be granted.

It may at the outset be conceded that insured died of tuberculosis, and that he was suffering from that disease and had been treated therefor by a physician before the application for the policy, and we think it must also be conceded that at the time of the application he knew and must have known that he had such disease.

Six reasons are urged. The first five may be considered together, and they are—

1. The verdict is contrary to the evidence.

2. The verdict is contrary to the weight of the evidence.

3. The verdict is contrary to the charge of the trial judge.

4. The verdict is the product of passion, prejudice and partiality on the part of the jury.

5. The trial judge erred in denying the defendant's motion to direct a verdict for the defendant.

Particular complaint is made that the weight of the evidence is against a finding that insured's representations that he was then employed by Benjamin Moore & Company, had not been attended by a physician within two years, and had never had certain enumerated diseases, including tuberculosis, were not fraudulently made.

It may further be stated that insured at the time in question was not in the employ of Benjamin Moore & Company, and had not been for some months.

These were representations, and unless fraudulently made did not void the policy, but if willfully untrue they were fraudulent and voided the policy. *Duff* v. *Prudential,* 90 *N. J. L.* 646.

But in the present case there was question as to whether the examining physician actually put these questions to the insured, and if that was done whether he understood them.

Insured was Polish, and while it is said that he could speak and understand English it is fair to assume that his knowledge of the language was limited.

If the questions were put to him and he understood them, then beyond question he was guilty of "willful untruths," and his representations were fraudulent and at least those as to his condition of health, &c., were material and the policy

was voided and the motion to direct the verdict should have resulted in a direction in favor of defendant. *Guarraia* v. *Metropolitan*, 90 *N. J. L.* 682; *Prahm* v. *Prudential*, 97 *Id.* 206; *Kerpchak* v. *John Hancock*, &c., 97 *Id.* 196.

We find that the refusal to direct a verdict against the plaintiff was proper, and that the verdict is not against the weight of the evidence.

This leaves the objection to the following portion of the charge:

"It is claimed that these questions were never actually put to him * * * that is a question of fact that the court is leaving to the jury * * *. If the questions were not put to him then that is a different proposition."

Now, this is not all the court said. In full, it is: "It is claimed that these questions were never actually put to him. Then, if they were put to him, it was done in such a speedy and rapid way they were put and because of his lack of complete familiarity with the language, and that it was impossible for fourteen (14) questions to be put so that this man could understand them and answer them within the time that the doctor says it took to put those fourteen questions and get the answers. That is a question of fact that this court is leaving to the jury. If this man made answer to any of those questions that I have referred to and he gave an untruthful answer and he knew it was untrue at the time he made it then, gentlemen, solemnly it is your duty to hold, as the law holds, that that voids this solemn contract; but if he did not understand those questions, or if the questions were not put to him, then that is a different proposition."

We can find no error therein. If he did not understand the questions there could be no willful falsity, and if they were not asked at all, surely there could be none, because then the answers were not his.

The rule to show cause is discharged, with costs.